NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 3 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| J.B., | No. 22-15290 |
| Plaintiff-Appellant, | D.C. No. 4:19-cv-07848-HSG |
| v. | |
| CRAIGSLIST, INC., | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Haywood S. Gilliam, Jr., District Judge, Presiding

Submitted April 20, 2023[**]
San Francisco, California

Before: VANDYKE and SANCHEZ, Circuit Judges, and S. MURPHY,[***] District
Judge.

On a certified interlocutory appeal, Plaintiff J.B. challenges the district court's

legal determination that section 230(e)(5)(A) of the Communications Decency Act

---

[*] This disposition is not appropriate for publication and is not precedent except as
provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral
argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Stephen Joseph Murphy, III, United States District Judge for
the Eastern District of Michigan, sitting by designation.

(CDA), as amended by the Allow States and Victims to Fight Online Sex Trafficking Act (FOSTA), "'provides an exemption from immunity for a section 1595 claim'" under the Trafficking Victims Protection Act (TVPRA) "'if, but only if, the defendant's conduct amounts to a violation of section 1591.'" We have jurisdiction under 28 U.S.C. § 1292(b), and we affirm. We assume familiarity with the underlying facts and arguments in this appeal.

"We review de novo both a district court order dismissing a plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6) and questions of statutory interpretation." *Dyroff v. Ultimate Software Grp., Inc.*, 934 F.3d 1093, 1096 (9th Cir. 2019). Only a complaint that states a plausible claim for relief may survive a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The sole issue certified to this court for interlocutory appeal has now been decided and foreclosed by *Jane Does 1–6 v. Reddit, Inc.*, 51 F.4th 1137 (9th Cir. 2022), *petition for cert. filed*, --- U.S.L.W. --- (U.S. Jan. 25, 2023) (No. 22-695). The question certified to this court is whether "section 230(e)(5)(A) of the CDA, as amended by FOSTA[], 'provides an exemption from immunity for a section 1595 claim if, but only if, the defendant's conduct amounts to a violation of section 1591.'"[1] *Reddit* answered that question in the affirmative: "[F]or a plaintiff to

---

[1] The court declines to address issues raised by Appellee that were neither certified for appeal, *see, e.g.*, *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 688–90

2

invoke FOSTA's immunity exception, she must plausibly allege that the website's own conduct violated section 1591." 51 F.4th at 1141.

Because the district court "dismisse[d] Plaintiff's TVPRA claim with leave to amend," any further proceedings below should be conducted in a manner consistent with this court's *Reddit* decision. Accordingly, because the question certified for interlocutory appeal is controlled by *Reddit*, the decision of the district court is **AFFIRMED**.[2]

---

(9th Cir. 2011), nor decided within the certified order, *see Yamaha Motor Corp., U.S.A. v. Calhoun*, 516 U.S. 199, 205 (1996).

[2] We recognize that a petition for certiorari in *Reddit* is pending, and that the Supreme Court also has before it two related cases, the disposition of which could affect our court's *Reddit* precedent. *See Gonzalez v. Google LLC*, No. 21-1333 (argued Feb. 21, 2023), and *Twitter, Inc. v. Taamneh*, No. 21-1496 (argued Feb. 22, 2023). But to the extent developments in any of those cases might affect our court's holding in *Reddit*, the district court is well-equipped to address such arguments in the first instance.